UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERMED RESOURCES TN, LLC,　　　　　　Case No. 22-11836

　　　　Plaintiff,　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　United States District Judge

GENERAL RV CENTER, INC.,

　　　　Defendant.
_____ /

## ORDER GRANTING DEFENDANT'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT (ECF No. 40)

This case is before the court on Defendant General RV Center, Inc.'s

("General RV") motion for partial summary judgment.  (ECF No. 40).  Plaintiff

Intermed Resources TN, LLC ("Intermed"), filed their initial complaint in the

Circuit Court for Williamson County, Tennessee, on May 13, 2022.  (ECF No. 1-1).

Intermed's complaint raised seven counts, including breach of contract (Count I),

quantum meruit (Count II), unjust enrichment (Count III), conversion (Count IV),

Violations of Tenn. Code Ann. § 14-18-104(b)(5) and (12) (Count V), intentional

misrepresentation (Count VI), and negligence, gross negligence, and negligence

per se (Count VII).  *Id.*  General RV removed this matter to the U.S. District Court

for the Middle District of Tennessee on July 8, 2022, and it was subsequently

1

transferred to the U.S. District Court, Eastern District of Michigan on August 9, 2022 based on the forum selection clause in the relevant purchase agreement.[1] (ECF No. 1).

On January 31, 2023, General RV filed a motion seeking summary judgment as to Count V "[b]ecause the entire transaction occurred in Michigan, and the applicable Purchase Agreement requires the application of Michigan law…[so] the Tennessee Consumer Protection Act does not apply to this transaction." (ECF No. 12, PageID.50). On February 21, 2023, Intermed filed a notice of no opposition to General RV's motion. (ECF No. 13). Pursuant to this notice and the governing law, the court granted General RV's motion and dismissed Count V of the complaint on February 22, 2023. (ECF No. 15). On July 18, 2023, General RV filed a motion for leave to file an additional motion for summary judgment, which the court granted on August 28, 2023. (ECF Nos. 27, 39). General RV then filed the present motion on September 1, 2023, arguing they are entitled to partial summary judgment as to all remaining counts except Count I for breach of contract. (ECF No. 40). The court held a hearing on this motion on November 29, 2023, and both parties participated in oral argument. (*See* ECF No. 41). The court

---

[1] Upon transfer to the U.S. District Court, Eastern District of Michigan, this case was assigned to District Judge Linda V. Parker. It was reassigned to the undersigned on February 6, 2023.

then ordered the parties to file supplemental briefing to address several

additional questions relevant to the pending motion.  (ECF No. 45).  The parties

filed their supplemental briefs on December 19, 2023, and General RV filed a

response to Intermed's supplemental brief on December 26, 2023.  (*See* ECF Nos.

46, 47, 48).   For the reasons stated below, the court **GRANTS** General RV's

motion.

## I.   FACTUAL BACKGROUND

This case stems from Intermed's allegations that they purchased an RV

from General RV on May 18, 2021 for $182,612.38.  (ECF No. 1-1, PageID.7)*.*

Intermed claims they wired the full purchase cost to General RV on that date, but

"never received the RV it paid for. Instead, upon information and belief, []

General RV titled the RV it purchased to a third-party, a Mr. Lawrence Hardge,

who had no right to have the RV titled to him."  *Id*., PageID.7-8.  General RV's

pleadings detail a slightly different series of events, rooted in an allegedly

fraudulent relationship between Intermed and Mr. Hardge.  (ECF No. 40,

PageID.367).   General RV claims Mr. Hardge was the formal purchaser of the RV,

and Intermed wired the money solely for his benefit.  *Id.* ("Intermed either did

that because of an agreement it had with Mr. Hardge or because Mr. Hardge

tricked it.").  General RV claims their salesperson "sold an RV to Mr. Hardge, had

all the paperwork done in Mr. Hardge's name, per Mr. Hardge's request, and completed the transaction between General RV and Mr. Hardge appropriately." *Id.* General RV further claims that Mr. Hardge completed all of the relevant paperwork to have the RV titled to him, including providing them with his proof of insurance. *Id.*, PageID.369. The entire agreement governing the subject RV is memorialized in the Purchase Agreement. *Id.*; *see also* ECF No. 40-4, "Purchase Agreement."

## II.    STANDARD OF REVIEW

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record…; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v.*

*McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  Further, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (6th Cir. 2004).  In order to fulfill this burden, the non-moving party only needs to demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Such a determination requires that the court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case.  *Id*. at 254.  Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence.  *See id.* at 252-53.  Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it carries the burden of proof, the movant is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  The court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis."  *Id*. at 327.

### III. ANALYSIS

#### A. <u>Validity of Evidence</u>

As an initial matter, Intermed's response to General RV's motion argues "the proof proffered by Defendant in support of its Motion is not properly authenticated, no foundation for its introduction is made, and it is inadmissible based on hearsay" pursuant to Federal Rule of Civil Procedure 56(c)(2) and 56(c)(4). (ECF No. 43, PageID.419). Fed. R. Civ. P. 56(c)(2) states that, in response to a motion for summary judgment, a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) states "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The appropriate focus of these rules "is on the admissibility of a fact at trial, not necessarily the admissibility of the fact in the specific form presented at the time of the summary judgment motion." *Compressor Eng'g Corp. v. Manufacturers Fin. Corp.*, No. 09-14444, 2019 WL 1326035, at *5 (E.D. Mich. Mar. 25, 2019) (citing *Magnum v. Repp*, 674 Fed. Appx. 531, 536-37 (6th Cir. 2017) (quoting Fed. R. Civ. P. 56(c))).

In support of its motion for summary judgment, General RV submits the

following relevant evidence:

> Exhibit 2: Excerpt of Roger Biles' Deposition
> Exhibit 3: Purchase Agreement
> Exhibit 4: Michigan Department of State Application for Title and
> Registration
> Exhibit 5: Proof of Insurance
> Exhibit 6: Transaction Acknowledgement and Communication
> Consent Form
> Exhibit 7: Email regarding wire information
> Exhibit 8: Domestic Wire Transfer Request/Authorization
> Exhibit 9: Plaintiff's Responses to Requests for Admissions

(*See* ECF No. 40-1, Exhibit List).  While Intermed argues some of these documents

have not yet been properly authenticated, they do not argue these exhibits will

be inadmissible at trial.[2]  The court does not see any reason why these documents

could not be properly authenticated at trial and, therefore, the court will consider

them in deciding General RV's motion.

B.    Existence of a Contract between Intermed and General RV

A large portion of this motion, as well as Intermed's underlying case, hinges

on the existence of a valid contract between Intermed and General RV for the

purchase of the subject RV.  General RV's motion for summary judgment argues

the existence of this express contract between the relevant parties prevents

---

[2] At oral argument, Intermed conceded they were not objecting to the documents themselves, rather they were objecting based on a technicality at this stage in the proceedings.

Intermed from bringing equitable claims, including *quantum meruit* (Count II),

unjust enrichment (Count III), and intentional misrepresentation (Count VII).  (ECF

No. 40, PageID.372, 375).  The parties do not dispute that a valid contract exists

covering the RV purchased from General RV on May 18, 2023.  (*See* ECF No. 40-4).

However, they have taken relatively inconsistent positions over the course of the

litigation as to whether this valid contract was between Intermed and General RV

or was exclusively between Mr. Hardge and General RV.  Notably, General RV's

motion argues in its second paragraph: "General RV entered into a purchase

agreement *with Lawrence Hardge, not Intermed*, and sold the RV in question to

Mr. Hardge. This does not create a cause of action for Intermed against General

RV, and at some point, this entire lawsuit should be dismissed."  (ECF No. 40,

PageID.363) (emphasis added).  Intermed's supplemental brief similarly argues:

"Here, the parties agree there is an express contract, namely, the Purchase

Agreement. The Agreement, however, provides "*no 'express contractual*

*relationships' between Intermed and the Defendant*."  (ECF No. 47, PageID.496)

(emphasis added).

Despite any previous statements, both parties now agree that the relevant

contract is between Intermed and General RV, with Mr. Hardge acting as an agent

of Intermed.  (ECF No. 47, PageID.495) ("In this instance, Intermed and the

Defendant actually agree a contract is in place and a question of fact remains

regarding the Defendant's breach of the Purchase Agreement."); (ECF No. 46,

PageID.474) ("As such, Intermed clearly claims that a contract exists between

General RV and Mr. Hardge, with Mr. Hardge acting as the agent of Intermed.

Therefore, for purposes of this lawsuit, although the Purchase Agreement

references Mr. Hardge and General RV, it is an agreement between General RV

and Intermed.").  Under Michigan law, "an agency relationship may arise when

there is a manifestation by the principal that the agent may act on his account."

*Meretta v. Peach*, 195 Mich. App. 695, 697-98 (1992) (citing 1 Restatement

Agency, 2d § 15, p 82).  The key question is whether the principal has a "right to

control the actions of an agent."  *Id.* (citing *Little v. Howard Johnson Co.*, 183

Mich. App. 695, 697-98 (1992)).  Considering the facts of this case in the light

most favorable to Intermed, the court agrees with the parties that there is a

question of fact remaining as to whether Intermed is a party to the Purchase

Agreement under agency principles.  *Meretta*, 195 Mich. App. at 697-98 ("Where

there is a disputed question of agency, any testimony, either direct or inferential,

tending to establish agency creates a question of fact for the jury to determine.");

*see also Versatile Helicopters, Inc. v. City of Columbus, Ohio*, 548 F. App'x 337, 341

(6th Cir. 2013) ("As the district court concluded here, the question of whether the

City could be held liable under agency principles was an issue properly submitted to the jury.").  Because the court cannot fully determine the parties to the Purchase Agreement, there is also a question of fact remaining as to whether General RV breached its contractual obligations to Intermed.  As such, Count I remains.

      C.    <u>*Quantum Meruit* (Count II) and Unjust Enrichment (Count III)</u>

General RV's motion argues that Plaintiff's claims for *quantum meruit* and unjust enrichment must be dismissed because Intermed previously acknowledged the existence of a contract between the parties.  (ECF No. 40, PageID.372).  Under Michigan law, "claims for unjust enrichment and *quantum meruit* have historically been treated in a similar manner."  *NL Ventures VI Farmington, LLC v. Livonia*, 314 Mich. App. 222, 241 (2015).  Both claims are based in an "equitable right of restitution when a person has been unjustly enriched at the expense of another." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 193 (2006) (citing *Michigan Ed. Employees Mut. Ins. Co. v. Morris*, 460 Mich. 180, 198 (1999)).  As an equitable remedy, these claims are only viable "if there is no express contract covering the same subject matter."  *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478 (2003).  General RV's motion for summary judgment focuses on this argument, claiming "the equitable relief afforded by Quantum Meruit and Unjust

11

Enrichment do not come into play because the Purchase Agreement governs the contractual relationship between the parties and the sale of the RV."  (ECF No. 40, PageID.372).  However, regardless of whether an express contract covers this transaction, Intermed cannot sustain a claim under either theory because they have failed to allege facts supporting each of the essential elements.

Under Michigan law, a claim for unjust enrichment or *quantum meruit* requires a plaintiff to show: "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant."  *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993) (citing *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991)).  "In other words, the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Morris Pumps*, 273 Mich. App. at 195; *see also Wright v. Genesee Co.*, 404 Mich. 410, 419 (2019) ("Unjust enrichment…doesn't seek to compensate for an injury but to correct against one party's retention of a benefit at another's expense.").

Intermed's *quantum meruit* and unjust enrichment claims generally argue that "Defendant, General RV, received $182,612.38 from the Plaintiff and has retained it without providing the Plaintiff with anything of value, including the RV."  (ECF No. 1-1, PageID.9).  It is not disputed that Intermed wired $182,612.38

12

to General RV on May 18, 2021, that General RV titled a 2021 Coachmen Marada

RV in Mr. Hardge's name, or that Mr. Hardge subsequently took possession of

that RV.  *See id.*, PageID.7; ECF No. 40-5, Michigan Department of State

Application for Title and Registration; ECF No. 40-9, Domestic Wire Transfer

Request/Authorization.  While the court is not aware of the current status of the

RV, neither party alleges that Mr. Hardge has since returned it to General RV.

(*See* ECF No. 46, PageID.479).

Even viewing the facts of this case in the light most favorable to Intermed,

they have not met their burden to sufficiently plead that General RV retained any

unjust benefit under either theory.  Intermed claims General RV was unjustly

enriched because they "retained [the purchase price] without providing Plaintiff

with anything of value, including the RV."  (ECF No. 1-1, PageID.9).  However, once

General RV received the purchase price from Intermed, they immediately

transferred the RV to Mr. Hardge, consistent with their duty under the valid

purchase agreement.  (ECF No. 40-4).  Any benefit General RV may have retained

from this transaction would be the typical profit on a sale, which would not rise to

the level of "unjust."  *See Est. of McCallum*, 153 Mich. App. 328, 335 (1986) ("The

mere fact that a person benefits another is not of itself sufficient to require the

other to make restitution therefor.") (citation omitted).  Because Intermed has

failed to sufficiently plead that General RV retained any unjust benefit, General RV is entitled to judgment as a matter of law and Counts II and III are dismissed. *Celotex*, 477 U.S. at 323 ("if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it carries the burden of proof, the movant is entitled to summary judgment.").

    D.    <u>Conversion (Count IV)</u>

General RV next argues they are entitled to summary judgment on Count IV for conversion because Intermed has failed to show "the specific amount of money, $182,612.38, was entrusted to General RV and General RV had agreed to give it back." (ECF No. 40, PageID.374). While General RV's motion focuses on common law conversion, Intermed's response argues they have established claims for both common law and statutory conversion under Michigan law. (ECF No. 43, PageID.424). While Intermed's complaint does not expressly bring an action under Michigan's conversion statute, Mich. Comp. Laws § 600.2919, the court will address both forms of conversion for clarity.

    i.    *Common Law Conversion*

Under Michigan law, common law conversion requires "a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Citizens Ins. Co. of Am. v. Delcamp Truck Ctr.,*

*Inc.*, 178 Mich. App. 570, 575 (1989) (citing *Nelson & Witt v. Texas Co.*, 256 Mich.

65, 70 (1931)).  A conversion may be committed by:

> (a) intentionally dispossessing another of a chattel,
> (b) intentionally destroying or altering a chattel in the
> actor's possession,
> (c) using a chattel in the actor's possession without
> authority to so use it,
> (d) receiving a chattel pursuant to a sale, lease, pledge,
> gift or other transaction intending to acquire it for
> himself or for another proprietary interest in it,
> (e) disposing of a chattel by sale, lease, pledge, gift or
> other transaction intending to transfer a proprietary
> interest in it,
> (f) misdelivering a chattel, or
> (g) refusing to surrender a chattel on demand.

*Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 497 Mich. 337,

352 (2015) (citing *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960)).

Intermed's conversion claim argues, in part: "General RV [] has exercised

dominion and control over *its money* as previously alleged with the intent to

deprive Plaintiff of its use and ownership against the will, consent, or

acquiescence of the Plaintiff."  (ECF No. 1-1, PageID.9-10).  Because their claim is

limited to the alleged conversion of money, an action cannot be maintained

"unless there is an obligation on the part of the defendant to return the specific

money entrusted to his care."  *Garras v. Bekiares*, 315 Mich. 141, 148 (1946).  A

plaintiff may sue "for the conversion of funds that were delivered to the

defendant for a specified purpose, but that the defendant diverted to his or her own use." *Tooling Mfg. & Technologies Ass'n v. Tyler*, No. 293987, 2010 WL 5383529, at *10 (Mich. Ct. App. Dec. 28, 2010) (citing *Hogue v. Wells*, 180 Mich. 19, 24 (1914); *Warren Tool Co. v. Stephenson*, 11 Mich. App. 274, 300 (1968) (stating that the payee of a check had no right to the check because it had been pledged to a third party and, when the defendants diverted it to their own ends, they could be liable for conversion)).  While the money given to the defendant does not need to be specifically earmarked for its return, the defendant's initial exercise of domain over the property must have been wrongful and "without the owner's consent to the creation of a debtor and creditor relationship." *Lawsuit Fin., LLC v. Curry*, 261 Mich. App. 579, 591-92 (2004); *Citizens Ins. Co. of Am.*, 178 Mich. App. at 575 (citing *Hogue*, 180 Mich. at 24; 89 C.J.S., Trover and Conversion, § 23, p. 541).

In this case, Intermed concedes it willingly wired $182,612.38 to General RV on May 18, 2021 pursuant to the Purchase Agreement.  (ECF No. 1-1, PageID.7). As such, General RV's "initial exercise of domain" over the money was lawful. *Lawsuit Fin., LLC*, 261 Mich. App. at 591-92.  Intermed does not provide any facts to support their argument that General RV was required to return any of this money or that they "diverted it to their own ends." *Warren Tool Co.*, 11 Mich.

App. at 300.  Simply stating that General RV "committed conversion by the

wrongful exertion of dominion over the property (funds) of Intermed," without

providing any specific facts tending to show General RV had any obligation to

return this money is insufficient to survive a motion for summary judgment.

*Brown*, 329 F. Supp. 2d at 910.

      *ii.*    *Statutory Conversion*

    Michigan's conversion statute states:

> (1) A person damaged as a result of either or both of the
> following may recover 3 times the amount of actual
> damages sustained, plus costs and reasonable attorney
> fees:
> (a) Another person's stealing or embezzling property or
> converting property to the other person's own use.
> (b) Another person's buying, receiving, possessing,
> concealing, or aiding in the concealment of stolen,
> embezzled, or converted property when the person
> buying, receiving, possessing, concealing, or aiding in the
> concealment of stolen, embezzled, or converted
> property knew that the property was stolen, embezzled,
> or converted.

Mich. Comp. Laws § 600.2919a.  However, like common law conversion, statutory

conversion cannot be established by merely alleging a defendant retained money

lawfully given to them.  *1st State Title v. LP Recordings, LLC*, No. 322964, 2015 WL

7750927, at *3 (Mich. Ct. App. Dec. 1, 2015) (citing *Lawsuit Fin., LLC*, 261 Mich.

App. at 592-93) ("Likewise, statutory conversion cannot be established merely by

retaining money, which is all plaintiff asserts that defendants did.").  Intermed's complaint bases their conversion claim on allegations that General RV "exercised dominion and control over its money" because they "received the entire sum wired by Intermed and has retained that money to this day."  (ECF No. 1-1, PageID.7, 10).  However, these allegations, again, do not indicate General RV had any affirmative "obligation…to return the specific money" entrusted to their care. *1st State Title*, 2015 WL 775027, at *3 (citing *Alfred Shrimpton & Sons v. Culver*, 109 Mich. 577, 580 (1896)).

Because Plaintiff has failed to establish an essential element of its conversion claim under either common law conversion or statutory conversion, General RV is entitled to judgment as a matter of law as to Count IV.  *Celotex*, 477 U.S. at 373 ("if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it carries the burden of proof, the movant is entitled to summary judgment.").

E.   Intentional Misrepresentation (Count VI)

General RV next argues they are entitled to summary judgment on Intermed's claim for intentional misrepresentation because the Purchase Agreement governs this transaction, and it explicitly includes a merger clause precluding Intermed from bringing forth evidence of a prior or contemporary

agreement.  (ECF No. 40, PageID.378) ("Plaintiff contractually acknowledged that he did not rely on anything outside of this Purchase Agreement, 'even if alleged to be a misrepresentation.' With no reliance, and a merger clause, Defendant is entitled to summary judgment.").  However, again, regardless of whether there is a valid contract between Intermed and General RV, their claim for intentional misrepresentation fails.

Under Michigan law, a claim for intentional misrepresentation requires a plaintiff to show:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976) (citing *Candler v. Heigho*, 208 Mich. 115, 121 (1919)).  "Each of these facts must be proved with a reasonable degree of certainty and all of them must be found to exist, the absence of any one of them is fatal to a recovery."  *Id.*  Intermed's complaint argues "General RV [] falsely stated that it would title the RV in [Intermed's] name immediately following the payment of the $182,612.38 via telephone on May 16, 17, and 18, 2021."  (ECF No. 1-1, PageID.11).  They further argue "Plaintiff wired

the money to Defendant, General RV, as agreed and aforepled while Defendant,

General RV, knew at the time that it was not going to deliver the RV to Plaintiff as

agreed." *Id.*  Finally, Intermed argues "it reasonably relied upon the intentionally

false statements of Defendant, General RV, to its detriment" and "has sustained

significant financial damages as a direct and proximate result." *Id.*

The evidence in the record does not indicate to the requisite degree of

certainty that General RV made a "material misrepresentation" to Intermed that

the RV would be titled in Intermed's name.  Roger Biles, the owner of Intermed,

testified at his deposition[3] that he did not know who he spoke to at the

dealership, and merely "assume[d] it was the sales rep" but could not say for

sure.  (ECF No. 12-2, PageID.76, Biles Deposition ("I remember talking to

Lawrence and an individual who – who he said was at the RV. *I assume* it was the

salesman."), ("Q. Who – so you had this conversation with Mr. Hardge. Who was

the other person? A. I don't know. I – I just know – he said it was…*I assume* it was

the sales rep."); PageID.77 ("Q. So if you would have talked to someone at

General RV, could it have been [Andrew Wendland]? A. Could have been. *I don't*

---

[3] The entire deposition of Roger Biles is not included as an exhibit to the current motion for partial summary judgment, but is attached to an earlier motion, ECF No. 12.  Pursuant to Fed. R. Civ. P. 56(c)(3), the court "need consider only" materials cited by the parties in their summary judgment briefing, "but it may consider other materials in the record."  As such, the court will consider the entire Roger Biles deposition in making its determination on this motion.

*know.*")) (emphasis added). When asked whether the person he spoke to on the phone "could have been one of Mr. Hardge's buddies pretending to be General RV," he agreed that it "could have been." *Id.*, PageID.79 ("…when I was on the phone with Lawrence and the sale rep. and, like I said, I wasn't – it could have been Joe Blow off the street.").

General RV argues there is no question of fact remaining that Biles did not speak with anyone at General RV based on his deposition testimony and their subpoena of his phone records, which reveal that "[a]t the time of the sale, he had no incoming or outgoing calls or text messages with anyone from General RV." (ECF No. 46, PageID.481). Additionally, they presented the testimony of the salesman at General RV who completed this transaction, Andrew Wendland, who said he "ha[d] never heard of Intermed until just a couple weeks ago, so, no, the – the term Intermed never had come up with me and him a year and a half ago." (ECF No. 46-2, PageID.493, Wendland Deposition excerpt).

While General RV's initial motion focused solely on their entitlement to judgment as a matter of law based on the existence of the merger clause, the court's December 5, 2023 Order for Supplemental Briefing specifically asked the parties to address whether "Intermed satisf[ies] all of the elements of intentional misrepresentation," including "any exhibits they deem relevant." (ECF No. 45,

PageID.470-71).  Intermed argues there is a question of fact remaining based on

Mr. Biles' credibility that must be weighed by the jury.  However, even if a jury

were to give full credit to Mr. Biles' testimony, he bases these communications

entirely on speculation, which is insufficient to survive a motion for summary

judgment.  *See Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) ("In

order to survive a motion for summary judgment, the non-moving party must be

able to show sufficient probative evidence [that] would permit a finding in [his]

favor on more than mere speculation, conjecture, or fantasy.").  Even viewing the

materials before the court in the light most favorable to Intermed, they have

failed to establish that General RV made a material representation or that

General RV knew that it was false, or made it recklessly, without any knowledge

of its truth, and as a positive assertion.  These are essential elements of a claim

for intentional misrepresentation and, as such, Count VI must be dismissed.

*Celotex*, 477 U.S. at 373 ("if the nonmoving party fails to make a sufficient

showing on an essential element of its case for which it carries the burden of

proof, the movant is entitled to summary judgment.").

    F.    <u>Negligence (Count VII)</u>

    Finally, General RV argues that Intermed's claim for negligence should be

dismissed because it is barred by the economic loss doctrine.  (ECF No. 40,

PageID.378-79).  However, even without addressing the applicability of the

economic loss doctrine to this claim, the court finds this claim must also be

dismissed.  Count VII of Intermed's complaint alleges that "General RV [] had a

duty to act in accordance with the terms of the agreed transaction with the

Plaintiff and to title the RV in the Plaintiff's name" and they breached their duty

to Intermed by failing to do so.  (ECF No. 1-1, PageID.11).  This claim, at its core,

alleges that General RV had a duty pursuant to the parties' negotiations and the

Purchase Agreement (the "terms of the agreed transaction") to title the RV in the

Plaintiff's name.  In essence, this is identical to the claim raised under Count I for

breach of contract, which argues "General RV [] failed to deliver the RV to the

Plaintiff."  *Id.*, PageID.8.  While Count I uses the language "failed to deliver" rather

than "failed to title," Intermed is not alleging that General RV was required to

take any further steps to "deliver" the RV to them outside of titling it in

Intermed's name.  (*See* ECF No. 12-2, PageID.75 ("[Hardge] was actually supposed

to get it, pick it up, bring it to Tennessee…"); PageID.76 ("…I do remember saying,

just make sure they send us the title.")).  Under Michigan law, the breach of a

contract cannot "give rise to an action sounding in negligence when the breach of

duty is indistinguishable from the breach of contract."  *Struble v. Lacks Indus., Inc.*,

157 Mich. App. 169, 176 (1986) (citing *Brewster v. Martin Marietta Aluminum*

*Sales, Inc.*, 145 Mich. App. 641, 667-68 (1985)) (finding plaintiff's negligence claim must be dismissed where the facts "are evidence in support of her breach of contract claim but do not establish a separate cause of action in tort."). Intermed argues General RV's duty arises directly out of "the terms of the agreed transaction" and they breached that duty by engaging in the same conduct as is alleged under their breach of contract claim. As such, Intermed cannot maintain this claim for negligence where its elements are essentially identical to the breach of contract claim. Count VII must be dismissed.

## IV.   PENDING MOTIONS IN LIMINE

Pursuant to this court's Phase II Scheduling Order, issued on April 28, 2023, "[a]ll other Motions, Including Motions in Limine" were to be filed by August 9, 2023 in preparation for a jury trial on October 3, 2023. (ECF No. 20, PageID.164). As a result, General RV filed four motions in limine on July 17, 2023. (ECF No. 23, 24, 25, 26). However, these motions were filed prior to the present motion for summary judgment and, as a result, were based on an assumption that trial would be proceeding on Counts I-IV, and VI-VII. The present Order significantly narrows the issues for trial, as it will now proceed on Count I for breach of contract only. As a result, the court **DENIES AS MOOT** all currently pending Motions in Limine and instructs the parties to refile these motions, or file any

amended motions, pursuant to a forthcoming scheduling order setting new relevant dates and deadlines for a jury trial.

**V.      CONCLUSION**

For the reasons stated above, General RV is entitled to judgment as a matter of law as to Counts II, III, IV, VI, and VII.  General RV's motion for partial summary judgment (ECF No. 40) is **GRANTED.**  Additionally, the pending motions in limine (ECF Nos. 23, 24, 25, 26) are **DENIED AS MOOT** and may be refiled consistent with the court's future scheduling orders.  This is not a final order, as Count I remains.

**SO ORDERED**.

Date: March 15, 2024                          s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge